IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) NO. 3:09-CR-084 B-1 |
| | ) |
| JACK HAMMOND CLAY | ) |

**BRIEF IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**

Comes now Defendant Jack Hammond Clay, and for his Brief in Support of Motion for Bill of Particulars states:

The law of the United States is plain and unequivocal. In *Bryan v. United States*, 524 U.S. 184, 194, 118 S.Ct. 1939 (1998) the Court said:

> ... In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that **the defendant was aware of the specific provision of the tax code that he was charged with violating.** See, e.g., *Cheek v. United States*, 498 U.S. 192, 201 (1991). ...

It is well known and accepted that the government must first allege, then prove, every element of its case. As the Court said in *U.S. v. Folks*, 236 F.3d 384, 390 (7th Cir. 2001):

> Folks takes specific issue with the prosecutor's contention that the plastic bags found in the trash served as a potential basis for a guilty verdict, urging that this assertion constructively amended the indictment in violation of the Fifth Amendment to the Constitution. "A constructive amendment to an indictment occurs when either the government ... the court ... **or both, broadens the possible bases for conviction beyond those presented by the grand jury.**" *United States v. Cusimano*, 148 F.3d 824, 829 (7th Cir. 1998) (quoting *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994)). Permitting an indictment to be constructively amended thus violates the Fifth Amendment, which states in pertinent part that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand

1

Jury." See *United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994). To avoid running afoul of the Fifth Amendment, **the allegations in the indictment and the proof at trial must match** in order "to insure that the defendant is not subject to a second prosecution, and to give the defendant reasonable notice so that he may prepare a defense." *United States v. McKinney,* 954 F.2d 471, 480 (7th Cir. 1992). (Emphasis added)

It is plain that the Defendant cannot preserve his Fifth Amendment right without knowing precisely what laws the government lawyer[1] accused him of violating. The Defendant must first be informed of the specific requirements of law that the Defendant is charged with violating. Thereafter evidence to show the violation of those specific provisions of the tax law must be proven to the jury, along with proof that the Defendant was aware of those specific provisions. Lastly, the petit jury must agree that 1) the awareness, and 2) the violation of those specific provisions was proven beyond reasonable doubt. Only then is any possible conviction sustainable under the law.

The government knows this law and full well knew this law when they drafted their information. The information says that Jack Hammond Clay was "required by law" required to make a return to one or another specified officers, by a certain date. Defendant is protected from punishment unless the jury finds that he was aware of these legal provisions. However, without knowing these legal provisions in advance, the right and the protection is altogether illusory.

The "Trail of Tears" cost some 8,000 Indians their lives. The remainder suffered from the loss of family, familiar surroundings, property, and the torment from the memories of friends who perished during this horrific forced march. The Indians went to the US Supreme Court and got a judgment in their favor.

---

[1] This is not a waiver of indictment.

2

Whether or not Andrew Jackson actually said the contemptuous words[2] attributed to him remains a subject of debate. What is not subject to reasonable debate is the fact that Jackson disregarded a legally valid ruling of the US Supreme Court, substituted his own decision, and inflicted enormous death, loss of property, and physical and financial injury on the Indians.

It is with the utmost respect that Defendant asks this Court to command the government to provide the requested particulars. Furthermore, Defendant should have 10 days thereafter to ask for particulars, or file other motions, based upon the information from the government.

It is not sufficient that the government turn over this information belatedly, at the last minute. This information is the prerequisite to any further proceedings whatsoever.

The Trail of Tears remains a blot on the national history, in the eyes of ordinary Americans as well as those abroad. The Trail of Tears is a tangible expression of the horrors that accompany the rejection of the rule of law. We may condemn the Germans for failing to rein in their government, and for the atrocities committed and compounded by the scorched earth tactics of war. At the time, criticism of the government could get a German killed.

We claim to wear the "white hat" of the world. How can we maintain any pretense of such unless the government in this case is properly reprimanded and duly corrected for its hostility to the law as expressly stated by the US Supreme Court?

WHEREFORE, Defendant requests this Court to direct the United States to file a Bill of Particulars on these issues; and grant such other and further relief as may be appropriate

---

[2] "John Marshall has made his decision; now let him enforce it! ... Build a fire under them. When it gets hot enough, they'll go."

3

whether or not specifically prayed.

RESPECTFULLY SUBMITTED this 8th day of September, 2009.

By: /s/ Jack Hammond Clay
Reg. No. 38653 172
Federal Correctional Institution
PO Box 9000
Seagoville, TX 75159-9000

## CERTIFICATE OF CONFERENCE

A copy of this pleading was emailed to Assistant US Attorney Amy Mitchell, who stated upon conference that:

## CERTIFICATE OF SERVICE

I, Jack Hammond Clay, by my signature above certify that I have contemporaneously with this filing caused the Plaintiff to be served with a copy of this pleading by email and by CM/ECF to:

Amy J. Mitchell
US Attorney's Office
1100 Commerce St
Third Floor
Dallas , TX 75242-1699
214/659-8736 phone
214/767-4104 fax
amy.mitchell@usdoj.gov