IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No.  3:09-CR-084-B |
| | § | ECF |
| JACK HAMMOND CLAY | § | |

### GOVERNMENT'S CONSOLIDATED RESPONSE TO
### DEFENDANT'S PRETRIAL MOTIONS

The United States of America, by and through the United States Attorney for the Northern District of Texas, files its response to the Defendant's Pretrial Motions.

### A.  Response to MOTION FOR A BILL OF PARTICULARS
### (Docs. # 48 & 50)

The government opposes this motion. As an initial matter, Clay's Motion for a Bill of Particulars mirrors the issues raised in his Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed August 26, 2009.  The Government filed its response to the August 26th Motion, and reasserts the arguments made therein.

Furthermore, a bill of particulars is necessary only where an indictment, or other charging instrusment, is too vague and indefinite to permit the defendant to understand the charges, to intelligently prepare his defense, and to avoid double jeopardy.  *United States v. Addonizio*, 451 F.2d 49, 64 (3rd Cir. 1972).  Clay's request goes far beyond these requirements.  Where, as here, the charging document, the Information, sufficiently

informs the defendant of the elements of the offense charged and fairly apprises him of the particulars of each charge, a request for a bill of particulars should be denied. *United States v. Treatment*, 399 F.Supp. 264, 266 (W.D. La. 1975), citing *United States v. Bearden*, 423 F.2d 805 (5th Cir. 1970) and *Hickman v. United States*, 406 F.2d 414 (5th Cir. 1969). The Fifth Circuit has specifically addressed the issue Clay raises. In *United States v. Kahl*, 583 F.2d 1351, 1355 (5th Cir. 1978), the Court held that where the Information charging a violation of 26 U.S.C. § 7203 specifically alleges that the earnings of the accused were sufficient to require him to file a return and that he failed to do so, the Information was sufficient, and "no citation to s. 6012[1] was necessary." In view of the foregoing, Clay's motion for a bill of particulars should be denied.

### B. Response to MOTION TO DISMISS FOR LACK OF VENUE (Doc. # 54)

The government opposes this motion. Venue is proper in this district. The crime of failure to file an income tax return is committed in the judicial district in which the taxpayer is required to file. *United States v. Quimby*, 636 F.2d 86, 89-90 (5th Cir. 1981). Pursuant to 26 U.S.C. § 6091(b)(1)(A), a return must be filed either "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return" or else "at the service center serving [that] internal revenue district." *See also United States v. Rice*, 659 F.2d 524, 526 (5th Cir. 1981). Clay resides

---

[1] The Court is referring to 26 U.S.C. § 6012, which describes who and in what circumstances a person must file an income tax return.

**Government's Consolidated Response to Defendant's Pretrial Motions- Page 2**

in Irving, Texas, which is within the North Texas (Dallas) District of the Internal Revenue Service. The closest local office serving the place of Clay's residence is a matter of public record which can be determined by a simple internet search or a phone call and is located at 1100 Commerce Street, Dallas, Texas, which is also within the boundaries of this judicial district. Thus, venue is proper in the United States District Court for the Northern District of Texas.[2]

        Respectfully submitted,

        JAMES T. JACKS
        UNITED STATES ATTORNEY

        s/ Amy J. Mitchell
        AMY J. MITCHELL
        Assistant United States Attorney
        Oklahoma State Bar No. 17674
        Texas State Bar No. 24029734
        1100 Commerce Street, Third Floor
        Dallas, Texas  75242-1699
        Telephone: 214.659.8600
        Facsimile: 214.767.4100

---

[2] Venue would also be proper in the Western District of Texas– the situs of the Internal Revenue Service's Austin Service Center, where Clay could also have filed his tax return. However, as stated in 18 U.S.C. § 3237, an offense that is committed in more than one district may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

**Government's Consolidated Response to Defendant's Pretrial Motions- Page 3**

CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2009, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who have consented in writing to accept this Notice as service of this document by electronic means: Gary Udashen, Stand-by Counsel for Defendant. A copy of the foregoing was also mailed to the *Pro Se* Defendant, Jack Hammond Clay, at his home address.

        s/ Amy J. Mitchell
        AMY J. MITCHELL
        Assistant United States Attorney